FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 15 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

HASHIM MATTHEWS,

        Petitioner,

-against-

STATE OF NEW YORK,

        Respondent.
----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

07-CV-4157 (ARR)

ROSS, United States District Judge:

On October 3, 2007, petitioner Hashim Matthews, appearing *pro se*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial review of this petition and, for the reason set forth below, directs petitioner to submit an affirmation to show cause why the petition should not be dismissed.

## Background

On June 2003, petitioner was convicted and sentenced to 25 years imprisonment upon his pleas of guilty to "sex assault and robbery" charges before the New York Supreme Court, Kings County. See Petition at ¶¶ 1-5. On August 15, 2005, the Appellate Division affirmed the conviction, People v. Matthews, 21 A.D.3d 499 (2d Dep't 2005). The New York Court of Appeals denied leave to appeal on September 26, 2005. People v. Matthews, 5 N.Y.3d 830 (2005). See Petition at ¶¶ 8-9.

## Discussion

With the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on December 26, 2005, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, the instant petition should have been filed in federal court on or before December 26, 2006. Since the instant petition was filed on October 3, 2007, more than nine months after the one- year limitations period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Tolling

　　A. Statutory Tolling

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding,

---

[1] Petitioner does not state any facts that suggest that subsections (B)-(D) are applicable.

2

however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year limitations period. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Here, petitioner does not allege that he filed any post-conviction motions. Statutory tolling is, therefore, not available. See Petition at 3, ¶ 10.

B. Equitable Tolling

The limitations period, however, may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming, without deciding, that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). Petitioner's submission does not provide any basis for equitable tolling of the limitations period.

## Conclusion

The court hereby direct petitioner to show cause by written affirmation,[2] within 30 days from entry of this order, why the petition should not be dismissed as time-barred under the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006) ("a court must accord the parties fair notice and an opportunity to present their positions") (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000)). Petitioner's affirmation should include any facts which would support tolling of the one-year limitations period. Petitioner should name his current custodian (i.e., the

---

[2] An affirmation form is attached to this order for petitioner's convenience.

3

warden or superintendent of the correctional facility where he is currently imprisoned) as the respondent and not the State of New York.

No response shall be required from respondent at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order, whichever is earlier. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: October 12, 2007
       Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

HASHIM MATTHEWS,

            Petitioner,

  -against-

            Respondent.
_____X

**PETITIONER'S AFFIRMATION**

07-CV-4157 (ARR)

    HASHIM MATTHEWS, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code