UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HASHIM MATTHEWS,

                Petitioner,

  -against-

DALE ARTUS, Superintendent,

                Respondent.
---------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION AND ORDER**

07-CV-4157 (ARR)

ROSS, United States District Judge:

On June 2003, petitioner was convicted and sentenced to 25 years imprisonment upon his pleas of guilty to "sex assault and robbery" before the New York Supreme Court, Kings County. See Petition at ¶¶ 1-5. On August 15, 2005, the Appellate Division affirmed the conviction. People v. Matthews, 21 A.D.3d 499 (2d Dep't 2005). The New York Court of Appeals denied leave to appeal on September 26, 2005. People v. Matthews, 5 N.Y.3d 830 (2005). See Petition at ¶¶ 8-9.

Although petitioner's conviction became final on December 26, 2005, following the expiration of the 90-day period for seeking a writ of certiorari, Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001), petitioner did not file the instant petition for a writ a habeas corpus until October 3, 2007. In a memorandum and order dated October 12, 2007, this court explained that the Antiterrorism and Effective Death Penalty Act established a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. See Matthews v. New York, No. 07-CV-4157 (ARR), slip op. at 1 (E.D.N.Y. Oct. 12, 2007) (citing 28 U.S.C. § 2244(d)(1)). The court further explained that the one-year period runs from

the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review, unless subsection (B), (C) or (D) of § 2244(d)(1) is applicable. Since petitioner did not allege any facts to suggest that subsections (B), (C) or (D) was applicable, this court concluded that the instant petition would be untimely absent statutory or equitable tolling of the limitations period. Cognizant that "a court must accord the parties fair notice and an opportunity to present their positions," Day v. McDonough, 547 U.S.198, 209 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000)), this court directed petitioner to file an affirmation setting forth "any facts which would support tolling of the one-year limitations period." See Matthews v. New York, No. 07-CV-4157 (ARR), slip op. at 3 (E.D.N.Y. Oct. 12, 2007).

On or about November 19, 2007, petitioner filed an affirmation detailing events which allegedly delayed his filing of the instant petition. In his affirmation, petitioner alleges (1) that, at the beginning of 2007, the correctional facility in which he was incarcerated was "placed on an Institutional lockdown," (2) that he was placed in cell confinement two days prior to the lockdown and (3) that his access to the law library and legal assistance was either severely restricted or eliminated altogether after inspections during the lockdown uncovered contraband in the library. See Petitioner's Affirmation at 1-3.

The earliest of these events, however, occurred at the beginning of 2007. Since petitioner's affirmation does not suggest any basis for statutory tolling or suggest that subsection (B), (C) or (D) of 28 U.S.C. § 2244(d)(1) is applicable, the one-year period of limitations expired on December 26, 2006 – one year after petitioner's judgment of conviction became final. Accordingly, none of the events described by petitioner in his affirmation explains petitioner's failure to file his petition within the one-year period of limitations.

Even if the events described in petitioner's affirmation occurred during 2006, these events would not justify equitable tolling. The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGuinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). In this case, however, petitioner's arguments for equitable tolling, while sympathetic, are not extraordinary. The facility's lockdown and petitioner's lack of access to the law library during the investigation and renovation period does not justify equitable tolling. See Cross v. McGinnis, No. 05 Civ. 504 (PAC), 2006 WL 1788955, at *4 (S.D.N.Y. June 28, 2006) ("restricted access to library facilities does not merit equitable tolling"); Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002) ("solitary confinement, [and] lockdowns ... do not qualify as extraordinary circumstances"); Francis v. Miller, 198 F. Supp.2d 232, 235 (E.D.N.Y. 2002) (limited access to legal assistance is not so extraordinary to merit equitable tolling); Lindo v. Lefever, 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002) ("restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances").

## Conclusion

Since petitioner has failed to allege any basis for statutory or equitable tolling of the one-year period of limitations and, accordingly, has failed to show cause why this petition should not be dismissed, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed as time-barred. See 28 U.S.C. § 2244(d)(1). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not

3

issue. See 28 U.S.C. § 2253(c). The court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

    SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: January 7, 2008
       Brooklyn, New York